UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

WEIXING V. WANG
     Plaintiff,

        v.

                                         NO. 1:22-cv-12002-PBS

API TECHNOLOGIES CORPORATION,
     Defendant.

**REPORTS AND RECOMMENDATION ON DEFENDANT'S MOTION FOR A MORE
DEFINITE STATEMENT AND TO DISMISS (#9),
AND PLAINTIFF'S MOTION FOR SANCTIONS (#13).**

KELLEY, U.S.M.J.

     In this employment discrimination lawsuit, plaintiff Weixing Wang alleges that defendant API Technologies Corporation did not hire him for an open quality manager position because of his national origin, race, and age, which the court infers are claims under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq*. ("Title VII"), the Age Discrimination in Employment Act of 1967, 29 U.S.C. § 621 *et seq.* ("ADEA"), and Mass. Gen. Laws ch. 151B §4.[1] (#1-1.) Plaintiff is proceeding *pro se*. *Id.*

---

[1] Plaintiff does not include the provisions of law upon which his claims are based in his state court complaint; however, it is most likely that he intends to bring his action under these three statutes. *See e.g.*, *McMann v. Central Falls Detention Facility Corp.*, No. CA 13-570 ML, 2013 WL 5565507, at *4 (D.R.I. Oct. 8, 2013) (analyzing sufficiency of complaint under 28 U.S.C. § 1915); *see also McHenry v. Renne*, 84 F.3d 1172, 1179 (9th Cir. 1996) (noting "a complaint is not defective for failure to designate the statute or other provision of law violated . . ."); #1-2 at 5 (Massachusetts Commission Against Discrimination (MCAD) complaint noting defendant's alleged violations of "M.G.L. 151 B Section 4 Paragraph 1 [race and national origin], 1B [age], and Title VII [race and national origin]"). In removing the case from state court, defendant inferred that plaintiff intends to raise Title VII and Chapter 151B claims for national origin and race discrimination. (#1 at 2 & n.1.)

Currently before the court are defendant's Motion for a More Definite Statement and to Dismiss Plaintiff's Claim for Age Discrimination, *see* #9, and plaintiff's Motion to Sanction Defendant for Violating [the] 11/30/2022 Court Order, *see* #13. For the reasons discussed below, the court recommends that both motions be <u>denied</u>.[2]

I.    <u>Background.</u>

Unless otherwise noted, the following facts are drawn from plaintiff's complaint, *see* #1-1. *King v. Wells Fargo Bank, N.A.*, No. 19-cv-10065, 2019 WL 3717677, at *1 (D. Mass. Aug. 7, 2019).

Around May 2019, defendant posted a job listing for an open quality manager position. (#1-1 at 1-2.) Plaintiff, who had over twenty years of experience as a director of quality and technologies, some experience in the automotive industry, and a PhD in engineering from McGill University, met the position's requirements. *Id.* at 2, 9. Plaintiff applied for the position and appeared for his first telephone interview on August 15, 2019, and his second on August 20, 2019. *Id.* at 2. At the time, plaintiff was sixty-one years old. *Id.* at 7.

---

[2] District Judge Saris has referred the case to the undersigned Magistrate Judge for full pretrial purposes, case management, and reports and recommendations on dispositive motions. (#23.) Plaintiff's motion for sanctions seeks the same relief as his complaint. *Compare* #13 at 3 (Motion for Sanctions: "Defendant should be sanctioned and ordered to pay Plaintiff's salary loss for six months, approximately $70,000, due to their unfair treatments [*sic*] to Plaintiff, based on discrimination.") *with* #1-1 at 14 (Complaint: "Order API Technologies to pay me six-months salary as for their Quality Manager position, which should be in the range $60-80 K for six months, for the [*sic*] API Technologies' discrimination to me based on National Origin, race and age."). Defendant's motion seeks, among other things, the disposal of at least one of plaintiff's claims. (#9.) The court thus treats both motions as potentially dispositive, and issues reports and recommendation. *See ML-CFC 2007-6 Puerto Rico Props., LLC v. BPP Retail Props., LLC*, 951 F.3d 41, 46-47 (1st Cir. 2020); *Patton v. Johnson*, 915 F.3d 827, 832 (1st Cir. 2019) ("As Article I judicial officers, magistrate judges ordinarily may not decide motions that are dispositive either of a case or of a claim or defense within a case." (quoting *Powershare, Inc. v. Syntel, Inc.*, 597 F.3d 10, 13 (1st Cir. 2010) (internal quotation marks and alterations omitted)).

At the second interview, defendant's interviewers asked plaintiff questions about his educational background, including his master's and bachelor's degrees from the Harbin Science and Technologies University and the Harbin Polytechnique University, respectively. *Id.* at 4. Plaintiff had never been asked such questions in a job interview before, and defendant's interviewers appeared not to trust these degrees because they came from Chinese institutions. *Id.* Defendant's interviewers also asked plaintiff where in China he lived, which plaintiff found "quite weird." *Id.*

At the end of the second interview, defendant's hiring manager, Kevin LeBlanc, explained that defendant would invite three candidates onsite for the next round of interviews. *Id.* at 2. Plaintiff alleges that he performed well, and that LeBlanc told him, "'We'll bring you onsite for the face-to-face interview.'" *Id.*

After the second interview, defendant's recruiter, Aomkar Tomar, asked plaintiff whether he had received a date and time for the onsite interview. *Id.* Plaintiff responded that he had not, which surprised Tomar because defendant was "very impressed by [plaintiff's] knowledge and experience." *Id.* Tomar recommended that plaintiff reach out to defendant directly regarding the onsite interview schedule. *Id.* Following Tomar's direction, plaintiff reached out to defendant's talent acquisition manager, Jonathan Olsen, who told plaintiff that "'[t]he team is not ready to move forward to a face-to-face interview.'" *Id.*

On September 6, 2019, defendant conducted a third telephone interview of plaintiff with a senior corporate quality director. *Id.* at 5. Although there was only one interviewer, the interview was scheduled for sixty minutes. *Id.* Plaintiff alleges that this third interview was a "technique trap" designed to induce garrulousness and errors upon which defendant could base its pretextual rejection of plaintiff's application. *Id.* at 5-6.

The next week, Olsen informed plaintiff that defendant was "not ready to move [plaintiff] forward at this time." *Id.* at 6. Olsen did not provide a reason. *Id.*

At some point, plaintiff learned that defendant had fired their former quality manager for poor performance. *Id.* at 2-3. This former quality manager was originally from China, like plaintiff. *Id.* at 3. Plaintiff alleges that defendant's engineering manager, Bivona (last name),[3] scuttled plaintiff's application because Bivona did not want to hire another quality manager from China. *Id.*

On October 10, 2019, plaintiff filed a charge against defendant in the MCAD, alleging discrimination on the basis of national origin, race, and age. *Id.* at 6-7; *see* # 1-2. At the time, the quality manager position was still open. (#1-1 at 3, 6-7.) Within weeks of plaintiff filing his MCAD complaint, defendant hired a less-qualified candidate for the role. *Id.* at 7. The candidate was a Caucasian male, who was eight years younger than plaintiff. *Id.* at 7, 10.

In its response to plaintiff's MCAD complaint, defendant claimed that it had not hired plaintiff due to the "communication issues" that he exhibited in his interviews. *Id.* at 7. Defendant further explained that it had "previously terminated [its] prior quality manager for having poor communication skills."[4] *Id.* at 8.

On November 2, 2022, plaintiff filed a complaint against defendant in the Middlesex County, Massachusetts Superior Court, alleging discrimination on the basis of national original, race, and age. (#1-1.) Defendant removed the complaint from the state court to this court. (#1.) Defendant then moved for an extension of time, until December 13, 2022, to respond to the

---

[3] Bivona's first name does not appear in the record.

[4] Defendant's MCAD position statement is not in the record. *See generally* #8 (state court record). The above reflects only plaintiff's allegations regarding defendant's position statement. (#1-1 at 7-8.

complaint. (#6.) The court allowed the motion for an extension of time. (#7) ("November 30

Order"). Defendant timely filed its motion for a more definite statement and to dismiss plaintiff's

age discrimination claim. (#9.)

On December 19, 2022, plaintiff filed his motion for sanctions, claiming that defendant

failed to abide the November 30 Order because it did not file an answer to the complaint. (#13.)

Both motions are fully briefed; neither party requested a hearing. *See generally* ##9, 12;

##13, 16, 17.

II.     Defendant's Motion for a More Definite Statement and to Dismiss Plaintiff's Age
        Discrimination Claim (#9).

A.      More Definite Statement.

Rule 12(e) of the Federal Rules of Civil Procedure permits a party to "move for a more

definite statement of a pleading . . . which is so vague or ambiguous that the party cannot

reasonably prepare a response." Fed. R. Civ. P. 12(e). Rule 12(e) motions are "generally disfavored

and should be addressed not to a lack of detail but rather to unintelligibility which thereby prevents

the movant from determining the issues he must meet." *MacKenzie v. Pfizer, Inc.*, No. 20-cv-

11550, 2021 WL 7451166, at *2 (D. Mass. Jan. 11, 2021) (quoting *Aware, Inc. v. Centillium

Commc'ns, Inc.*, 604 F. Supp. 2d 306, 313 (D. Mass. 2009)) (additional citation and internal

quotation marks omitted); *see Hilchey v. City of Haverhill*, 233 F.R.D. 67, 69 (D. Mass. 2005)

("Rule 12(e) motions are generally disfavored in light of the liberal pleading requirements under

the Federal Rules and the availability of pretrial discovery procedures." (internal citations

omitted)). "When a pleading is 'sufficiently clear to advise the defendants of the claims being

brought against them,' a more definite statement is not required." *Autila v. Mass. Bay Transp.

Auth.*, 342 F.R.D. 23, 34 (D. Mass. 2022) (quoting *Mackenzie*, 2021 WL 7451166, at *4).

Courts "construe *pro se* complaints, like [plaintiff's], liberally." *Foley v. Wells Fargo Bank, N.A.*, 772 F.3d 63, 75-76 (1st Cir. 2014) (citing *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam)). Still, *pro se* plaintiffs must abide the Federal Rules of Civil Procedure. *Janosky v. Mass. P'ship for Corr. Healthcare*, No. 15-cv-12929, 2017 WL 1164490, at *1 (D. Mass. Mar. 28, 2017) (citing *F.D.I.C. v. Anchor Properties*, 13 F.3d 27, 31 (1st Cir. 1994)).

Rule 8(a)(2) of the Federal Rules of Civil Procedure requires a complaint to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "Each allegation must be simple, concise, and direct," and although "[n]o technical form is required," *see* Fed. R. Civ. P. 8(d)(1); *see also Janosky*, 2017 WL 1164490, at *1, a complaint "must have a caption," "name all the parties," and "state its claims . . . in numbered paragraphs, each limited as far as practicable to a single set of circumstances," *see* Fed. R. Civ. P. 10(a), (b).

A Rule 12(e) motion "must point out the defects complained of and the details desired." Fed. R. Civ. P. 12(e). Here, defendant complains that plaintiff's complaint contains paragraphs that (i) are unnumbered, (ii) contain multiple, winding allegations, and (iii) are repetitive. (#10 at 6.)  Defendant requests a more definite statement "with the addition of enumerated headings as to the specific causes of action Plaintiff intends to plead and the specific factual underpinnings set forth as to each cause of action. . . ." *Id.* In other words, defendant's Rule 12(e) motion is concerned with the form of plaintiff's complaint, not its intelligibility.

Although repetitive, unnumbered, and verbose, the factual bases for plaintiff's national origin and race discrimination claims are in fact clear,[5] *see* #1-1; *see also* #10 at 2-3 (enumerating

---

[5] In a footnote, defendant challenges the sufficiency of plaintiff's race discrimination claim, claiming plaintiff alleges throughout his complaint that "his national origin was the one and only reason he was not hired." (#10 at 2 n.1.) The argument is without citation and unpersuasive,

allegations supporting plaintiff's national origin discrimination claim), as are the factual bases for

his age discrimination claim, discussed below. The complaint includes allegations as to specific

actions taken, by whom, when, and why. Namely, plaintiff is originally from China and was sixty-

one years old when he applied for the open quality manager position; he was qualified for that

position; he interviewed well and received positive feedback; however, defendant hired a candidate

for the position who was less qualified than plaintiff but who is White and was fifty-three years

old. Plaintiff alleges that defendant did not want to hire a Chinese candidate, and that defendant

had just fired a Chinese employee from the position. *See Colón-Fontánez v. Municipality of San*

*Juan*, 660 F.3d 17, 46 (1st Cir. 2011) (recognizing Rule 8(a) requires "'sufficient detail in the

complaint to give a defendant fair notice of the claim and grounds upon which it rests'") (quoting

*Ocasio-Hernández v. Fortuño-Burset*, 640 F.3d 1, 8 (1st Cir. 2011)). Defendant is thus on fair

notice of plaintiff's claims against it; indeed, plaintiff delineates each cause of action under

headings, followed by the factual allegations that support those claims, *see* #1-1 at 8-10.

Since the crux of this case is clear, the court sees little value in ordering plaintiff to number

his paragraphs and delete redundant allegations. *See Autila*, 342 F.R.D. at 35 ("[I]n the context of

the liberally construed *pro se* complaint, the complaint provides fair notice, does not require

enumerated headings under the circumstances, and does not require separate counts under Fed. R.

Civ. P. 10(b)."); *Jutras v. Lopez*, No. 1:18-cv-00051-JDL, 2018 WL 3117228, at *2 (D. Me. Jun.

---

especially in the context of a *pro se* plaintiff. *See Cardigan Mountain Sch. v. N.H. Ins. Co.*, 787 F.3d 82, 87 (1st Cir. 2015) (stating that, at the Rule 12 stage, "we must 'accept the truth of all well-pleaded facts and draw all reasonable inferences therefrom in the pleader's favor," and "[i]n doing so, we recognize that 'circumstantial evidence often suffices' to render an asserted claim plausible in the pleading context" (quoting *García–Catalán v. United States*, 734 F.3d 100, 102-03 (1st Cir. 2013) (additional citations omitted)); *Bobola v. F.V. Expectation*, 204 F. Supp. 3d 382, 387 (D. Mass. 2016) ("A document filed by a *pro se* party 'is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'" (quoting *Erickson*, 551 U.S. at 94 (additional citations omitted)).

25, 2018) (denying Rule 12(e) motion where "with some effort, one can sift the wheat from the

chaff to determine [plaintiff's] key factual allegations and the nature of his claim" and "because

. . . obliging the *pro se* plaintiff to revamp his complaint would serve no useful purpose"). The

court therefore recommends that defendant's motion for a more definite statement be <u>denied</u>.[6]

B.      <u>Dismissal</u>.

"Dismissal of a complaint pursuant to Rule 12(b)(6) is inappropriate if the complaint

satisfies Rule 8(a)(2)'s requirement of 'a short and plain statement of the claim showing that the

pleader is entitled to relief.'" *Ocasio-Hernández*, 640 F.3d at 11 (quoting Fed. R. Civ. P. 8(a)(2),

and citing *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S.

544, 555 (2007)). "To ward off dismissal . . . the complaint must be 'plausible on its face.'"

*Conformis, Inc. v. Aetna, Inc.*, 58 F.4th 517, 527-28 (1st Cir. 2023) (quoting *Iqbal*, 556 U.S. at

---

[6] Defendant's cases do not demand a different result. *See Hilchey*, 233 F.R.D. at 69-70 (ordering
more definite statement of five identified paragraphs where those allegations were "made in legal
generalizations with no specific allegations as to the perpetrators or their supervisors," and denying
defendants' "more general request" that the court order plaintiff "to supply more facts in support
of her claims against them"); *Williams v. Shinseki*, No. 11-cv-40030, 2012 WL 1581343, at *2-3
(D. Mass. May 3, 2012) (ordering more definite statement where plaintiff's complaint alleging
discrimination based on age, race, and religion "d[id] not identify his race or age" and his religion
was unclear); *Diaz v. Drew*, 325 F.R.D. 524, 527 (D. Mass. 2017) (ordering more definite
statement where plaintiff filed at least ten supplements and motions "in which additional facts
[were] proffered and supposedly incorporated into the complaint," the complaint "fail[ed] to detail
against whom specifically he [wa]s asserting the various causes of action that [were] strewn
throughout the papers," and plaintiff failed to "identify with specificity the causes of action on
which his claims [were] based" or "parse out his specific causes of action and the relief
requested"); *Lewis v. Textron Auto. Co.*, 935 F. Supp. 68, 71 (D.N.H. 1996) (ordering more definite
statement where plaintiff's complaint was "ambiguous and legally 'unintelligible'" and failed to
include particularized allegations of fact); *Fease v. Town of Shrewsbury*, 188 F. Supp. 2d 16, 17-
18 (D. Mass. 2002) (ordering more definite statement where, with respect to plaintiffs' equal
protection claims, "plaintiffs state[d] that Plaintiff Andrea Fease is a person of Japanese descent,
[but] . . . fail[ed] to allege that she was discriminated against based upon her race," and with respect
to plaintiffs' remaining civil rights claims, plaintiffs failed to identify which constitutional rights
had been violated); *see also Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512-15 (2002) (holding
"employment discrimination plaintiff[s] need not plead a prima facie case of discrimination").

678). In assessing plausibility, the court cannot credit conclusory legal allegations, *see A.G. ex. rel. Maddox v. Elsevier, Inc.*, 732 F.3d 77, 80 (1st Cir. 2013), but it "may not disregard properly pled factual allegations." *Ocasio-Hernández*, 640 F.3d at 12 (citing *Twombly*, 550 U.S. at 556). The court "must accept as true all well-pleaded facts, analyze those facts in the light most favorable to the plaintiff's theory, and draw all reasonable inferences from those facts in favor of the plaintiff." *King*, 2019 WL 3717677, at *2 (citing *United States ex. rel. Hutcheson v. Blackstone Med., Inc.*, 647 F.3d 377, 383 (1st Cir. 2011)).

The "inquiry does not demand a plenitude of factual content." *Conformis*, 58 F.4th at 528 (citing *Grajales v. P.R. Ports Auth.*, 682 F.3d 40, 47 (1st Cir. 2012)). Nonetheless, a complaint "must contain more than a rote recital of the elements of a cause of action." *Rodríguez–Reyes v. Molina–Rodríguez*, 711 F.3d 49, 53 (1st Cir. 2013). "A plaintiff's *pro se* status 'militates in favor of a liberal reading'" of the complaint. *Skowronski v. Seqirus, Inc.*, No. 19-cv-11893, 2020 WL 3316562, at *1 (D. Mass. Jun. 18, 2020) (quoting *Rodi v. S. New Eng. Sch. of Law*, 389 F.3d 5, 13 (1st Cir. 2004)).

"The ADEA and M.G.L. c. 151B make it unlawful for an employer to take adverse action against an employee because of his or her age." *Connolly v. Shaw's Supermarkets, Inc.*, 355 F. Supp. 3d 9, 15 (D. Mass. 2018). "Where no direct evidence of age discrimination is available, single-plaintiff ADEA and Chapter 151B claims are analyzed under the *McDonnell Douglas* burden shifting framework."[7] *Skowronski*, 2020 WL 3316562, at *1 (citing *Goldman v. First Nat'l Bank of Bos.*, 985 F.2d 1113, 1117 (1st Cir. 1993) as applying *McDonnell Douglas Corp. v. Green*,

---

[7] For all purposes relevant here, analyses of the two statutes are "substantially similar." *Adamson v. Walgreens Co.*, 750 F.3d 73, 83 (1st Cir. 2014); *see also Theidon v. Harvard Univ.*, 948 F.3d 477, 505 (D. Mass. 2020) (recognizing in the Title VII context that "'Massachusetts law also makes use of the *McDonnell Douglas* burden-shifting framework'" (quoting *Ray v. Ropes & Gray LLP*, 799 F.3d 99, 113 n.8 (1st Cir. 2015)).

411 U.S. 792, 802-05 (1973)). The first step in this framework, and the relevant one at this stage, requires a plaintiff to establish his *prima facie* case by showing:

> (1) he is a member of a protected class; (2) he is qualified for [the] job; (3) he suffered an adverse employment action at the hands of [the] employer; and (4) there is some evidence of a causal connection between his membership in a protected class and the adverse employment action.

*Garmon v. Nat. R.R. Passenger Corp.*, 844 F.3d 307, 313 (1st Cir. 2016); *see Skowronski*, 2020 WL 3316562, at *2. Plaintiff need not plead facts sufficient to establish a *prima facie* case to survive a motion to dismiss. *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 511 (2002); *see Rodríguez-Reyes*, 711 F.3d at 53 (holding *Swierkiewicz* "remains good law" following *Iqbal* and *Twombly*). Nevertheless, "he must plead enough facts to make entitlement to relief plausible." *Higgins v. State Street Corp.*, 323 F. Supp. 3d 203, 206 (D. Mass. 2018) (citing *Rodríguez-Reyes*, 711 F.3d at 54).

Defendant argues that plaintiff has "utterly failed" to survive a Rule 12(b)(6) challenge, partly because he more emphatically asserts a claim based on national origin discrimination than age discrimination,[8] and partly because he supposedly fails to allege facts on which age discrimination could be found. (#10 at 8.) The court disagrees. Helpfully, defendant's primary case, *Skowronski*, 2020 WL 3316562, is on point—though not for the reasons cited. The court is familiar with the report and recommendation cited in defendant's brief, *see* #10 at 8 (citing *Skowronski*, 2020 WL 3316562, at *6), but defendant fails to acknowledge that the district court did not adopt that report and recommendation, and on facts very similar to those here, denied the employer's motion to dismiss. *Skowronski*, 2020 WL 3316562, at *1. Like the plaintiff in

---

[8] Although the court declines to adopt defendant's narrow reading of the complaint, *see Bobola*, 204 F. Supp. 3d at 387, Rule 8(d) permits alternative pleading "regardless of consistency." Fed. R. Civ. P. 8(d)(3); *see also* Fed. R. Civ. P. 8(e) ("Pleadings must be construed so as to do justice."). The court finds defendant's unsupported argument unavailing.

*Skowronski*, plaintiff here was over forty years old when he applied for the quality manager position, and he sufficiently alleges that he was qualified for the position. *Id.* at \*2. Plaintiff was also rejected for the position, *see id.*, and he "plausibly allege[s] that [defendant] hired a younger person with equal or lesser qualifications to fill the position from which [he] was rejected." *Id.* at \*3. The candidate who was hired for the quality manager position is alleged to be eight years younger than plaintiff. (#1-1 at 9-10); *see Higgins v. John Hancock Life Ins. Co. (U.S.A.)*, 405 F. Supp. 3d 305, 311 (D. Mass. 2019) ("Under Massachusetts law, the plaintiff must . . . show that a person with similar or inferior qualifications was hired and that the person was at least five years younger than the plaintiff." (citing *Somers v. Converged Access, Inc.*, 454 Mass. 582, 911 N.E.2d 739 (2009)). As in *Skowronski*, "[t]his is sufficient to withstand a motion to dismiss." *Id.*[9]

Accordingly, the court recommends that defendant's motion to dismiss plaintiff's age discrimination claim be <u>denied</u>.

III.    <u>Plaintiff's Motion for Sanctions (#13)</u>.

Plaintiff moves for sanctions, ostensibly under Rule 11 of the Federal Rules of Civil Procedure, alleging that defendant failed to comply with the November 30 Order extending the time for defendant to respond to the complaint, *see* #7. (##13, 14.) Defendant did not fail to comply with the November 30 Order. Defendant's motion for a more definite statement and to dismiss plaintiff's age discrimination claim, *see* #9, was filed on time. Under Rule 12 of the Federal Rules

---

[9] Defendant's other cases are no more helpful. *See Higgins*, 323 F. Supp. 3d at 206 (dismissing age discrimination claim where plaintiff "d[id] not claim that [defendant] hired a younger person with equal or lesser qualifications to fill the positions for which he applied," and failed to allege any other facts "demonstrating a causal connection between his age and [defendant's] decision not to interview him"); *Hawkins v. Mary Hitchcock Memorial Hosp.*, 22 Fed. Appx. 21, 1-2 (1st Cir. 2001) (affirming summary judgment in favor of employer in race discrimination lawsuit where "the employer's stated reasons [for not hiring plaintiff]—poor references, an erratic work history, and the like—are legitimate on their face," and the court "found a dearth of evidence sufficient to create a genuine dispute as to duplicity on the employer's part").

of Civil Procedure, both types of motions must be filed before an answer to a complaint. *See* Fed. R. Civ. P. 12(e) ("The motion [for a more definite statement] must be made before filing a responsive pleading . . . ."); Fed. R. Civ. P. 12(b) ("A motion asserting any of these defenses [including motions under Rule 12(b)(6) for failure to state a claim upon which relief can be granted] must be made before pleading if a responsive pleading is allowed."). The court recommends that plaintiff's motion be <u>denied</u> because sanctions are not warranted.

IV.     Conclusion.

For the reasons set out above, the court recommends that defendant's Motion for a More Definite Statement and to Dismiss Plaintiff's Age Discrimination Claim, *see* #9, and that plaintiff's Motion for Sanctions, *see* #13, be denied.

V.     Review by the District Judge.

The parties are advised that any party who objects to the Reports and Recommendation must file specific written objections with the Clerk of this Court within fourteen (14) days of the date of the Reports and Recommendation. The objections must specifically identify the portion of the Reports and Recommendation to which objections are made and state the basis for such objections. The parties are further advised that the United States Court of Appeals for the First Circuit has repeatedly indicated that failure to comply with Fed. R. Civ. P. 72(b) shall preclude further appellate review. *See Keating v. Secretary of Health & Human Servs.*, 848 F.2d 271 (1st Cir. 1988); *United States v. Emiliano Valencia-Copete*, 792 F.2d 4 (1st Cir. 1986); *Scott v. Schweiker*, 702 F.2d 13, 14 (1st Cir. 1983); *United States v. Vega*, 678 F.2d 376, 378–9 (1st Cir.

1982); *Park Motor Mart, Inc. v. Ford Motor Co.*, 616 F.2d 603 (1st Cir. 1980); *see also Thomas*

*v. Arn*, 474 U.S. 140 (1985).


May 30, 2023                                      /s/ M. Page Kelley
                                                 M. Page Kelley
                                                 United States Magistrate Judge