UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

WEIXING V. WANG
    Plaintiff,

v.                                               NO. 1:22-cv-12002-PBS

API TECHNOLOGIES CORPORATION,
    Defendant.

**REPORTS AND RECOMMENDATION ON DEFENDANT'S MOTION FOR A MORE DEFINITE STATEMENT AND TO DISMISS (#9), AND PLAINTIFF'S MOTION FOR SANCTIONS (#13).**

KELLEY, U.S.M.J.

In this employment discrimination lawsuit, plaintiff Weixing Wang alleges that defendant API Technologies Corporation did not hire him for an open quality manager position because of his national origin, race, and age, which the court infers are claims under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.* ("Title VII"), the Age Discrimination in Employment Act of 1967, 29 U.S.C. § 621 *et seq.* ("ADEA"), and Mass. Gen. Laws ch. 151B §4.[1] (#1-1.) Plaintiff is proceeding *pro se. Id.*

---

[1] Plaintiff does not include the provisions of law upon which his claims are based in his state court complaint; however, it is most likely that he intends to bring his action under these three statutes. *See e.g., McMann v. Central Falls Detention Facility Corp.*, No. CA 13-570 ML, 2013 WL 5565507, at *4 (D.R.I. Oct. 8, 2013) (analyzing sufficiency of complaint under 28 U.S.C. § 1915); *see also McHenry v. Renne*, 84 F.3d 1172, 1179 (9th Cir. 1996) (noting "a complaint is not defective for failure to designate the statute or other provision of law violated . . ."); #1-2 at 5 (Massachusetts Commission Against Discrimination (MCAD) complaint noting defendant's alleged violations of "M.G.L. 151 B Section 4 Paragraph 1 [race and national origin], 1B [age], and Title VII [race and national origin]"). In removing the case from state court, defendant inferred that plaintiff intends to raise Title VII and Chapter 151B claims for national origin and race discrimination. (#1 at 2 & n.1.)

1

*[Handwritten: 6/22/23 I adopt the report and recommendation without objection and deny all motions. Paul B Saris]*