UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| WEIXING WANG<br><br>    Plaintiff,<br><br>v.<br><br>API TECHNOLOGIES CORPORATION,<br><br>   Defendant. | Civ. A. No. 22-12002 |

## DEFENDANT'S OPPOSITION TO PLAINTIFF'S
## MOTION FOR SUMMARY JUDGMENT

Defendant API Technologies Corporation ("API") respectfully requests that the Court deny Plaintiff's Motion for Summary Judgment, as it is unsupported by competent evidence and is based on factual contentions of which there are genuine issues of material fact to be tried.

**I.**    **Relevant Factual Background[1]**

API incorporates the facts set forth in its Local Rule 56.1 Statement filed herewith.[2]

**II.**    **Relevant Procedural Background**

Plaintiff filed his Complaint in the Superior Court of Middlesex, Massachusetts on August 25, 2022. API filed a timely Notice of Removal on November 22, 2022. *See* ECF Docket No. 1. The Complaint alleges claims under Title VII of the Civil Rights Act of 1964 (2 U.S.C. § 2000e, *et seq.*). Specifically, Plaintiff alleges that API failed to hire him for an open Quality Manager position because of his national origin, race, and age.

---

[1] For purposes of this motion only, API takes as true Plaintiff's well-pled allegations, but reserves the right to deny, contest, or challenge them in the event this matter proceeds beyond this motion.

[2] References to the Local Rule 56.1 Statement (filed herewith) are denoted as "SOF ¶ _____."

On December 13, 2022, API filed a Motion for a More Definite Statement and to Dismiss Plaintiff's Claim for Age Discrimination. *See* ECF Docket Nos. 9-10. On December 19, 2022, Plaintiff filed his Opposition to these motions and a Motion to Sanction Defendant. *See* ECF Docket Nos. 12-14. On January 3, 2023, API filed an Opposition to Plaintiff's Motion for Sanctions and Plaintiff replied on January 12, 2023. *See* ECF Docket Nos. 16-17. On May 30, 2023, Magistrate Judge M. Page Kelley issued a Report and Recommendation on all pending motions, recommending that they all be denied. Objections to Magistrate Judge M. Page Kelley's Report and Recommendations were due by June 13, 2023. *See* ECF Docket No. 24. The parties did not submit any objections and the Report and Recommendation were adopted by Judge Patti B. Saris on June 22, 2023. *See* ECF Docket No. 25.

On June 28, 2023, API timely filed its Answer to Plaintiff's Complaint.[3] On July 5, 2023, Plaintiff filed the instant Motion for Summary Judgment ("Motion"). Plaintiff's Motion was filed prior to the holding of the Scheduling Conference and prior to the exchange of any discovery in this matter.[4]

## III. <u>Argument</u>

### a. <u>Plaintiff Failed to Comply with Applicable Rules in Filing his Motion for Summary Judgment.</u>

---

[3] Defendant incorrectly asserts that API's Answer was untimely. Pursuant to Fed. R. Civ. P. 12(a)(4)(A), API had fourteen (14) days after the Court denied its Motion for a More Definite Statement and to Dismiss Plaintiff's Age Discrimination Claim to serve its responsive pleading. API's Answer was filed six (6) days after Judge Patti B. Saris' Order denying the motion. Thus, API's Answer was timely filed.

[4] API notes that Plaintiff's Motion is premature, as the parties have not had the opportunity to exchange any written discovery in this matter. "[T]rial courts should refrain from entertaining summary judgment motions until after the parties have had a sufficient opportunity to conduct necessary discovery." *Healy v. U.S. Bank N.A. Trustee for LSF9 Master Participation Trust*, No. 16-11996-GAO, 2017 WL 4238860 at *2 (D. Mass. Sept. 25, 2017) (quoting *Velez v. Awning Windows, Inc.*, 375 F.3d 35, 39 (1st Cir. 2004)). Plaintiff's Motion is filled with open questions for which discovery is plainly necessary. For example, Plaintiff asks "How much professional skills the 53-year-old Caucasian male has? Are his professional skills comparable to the Plaintiff's professional skills?" *See* ECF Docket No. 36 at p. 10. The existence of many open questions in Plaintiff's Motion demonstrates that his Motion is premature.

As an initial matter, Plaintiff's Motion for Summary Judgment should be denied for failing to comply with the applicable Local and Federal Rules.

First, pursuant to Local Rule 7.1(a)(2), Plaintiff was required to certify that he conferred with Defendant's counsel and attempted in good faith to resolve or narrow the issues presented in his Motion. Plaintiff did not contact Defendant's counsel prior to filing his Motion for Summary Judgment and his Motion does not contain the required certification.  In fact, not only did Plaintiff not contact Defendant to confer regarding this Motion, but Defendant's counsel spoke with Plaintiff on several occasions prior to Plaintiff's filing of this Motion and specifically inquired as to the type of motion Plaintiff intended to file.  In response, Plaintiff explicitly declined to disclose what type of motion he planned to file or the basis for his claims therein. This is contrary to the requirements and purpose of Local Rule 7.1.

Second, Plaintiff's Motion for Summary Judgment does not contain a concise statement of the material facts of record and fails to provide any evidentiary support for its contentions as required by Local Rule 56.1:

> Motions for summary judgment shall include a concise statement of the material facts of record as to which the moving party contends there is no genuine issue to be tried, with page references to affidavits, depositions and other documentation. **_Failure to include such a statement constitutes grounds for denial of the motion._**

Local R. 56.1 (emphasis added). A statement of facts incorporated into a memorandum in support of a motion for summary judgment is insufficient to comply with Local Rule 56.1. *See Martin v. Tricam Indus., Inc.*, 379 F. Supp. 3d 105, 108 n.1 (D. Mass. 2019); *United States v. Pfizer, Inc.*, 188 F. Supp. 3d 122, 128 (D. Mass. 2016) (stating that incorporating a statement of facts into a summary judgment memorandum disregards the requirements of Local Rule 56.1 and provides "grounds sufficient for denial of [movant's] motion for summary judgment"). The purpose of this "anti-ferret rule" is to require the parties to focus the district court's attention on what is, and what,

is not genuinely controverted and "to prevent parties from unfairly shifting the burdens of litigation to the Court." *Alves v. City of Gloucester*, 594 F. Supp. 3d 315, 319-20 (D. Mass. 2022) (quoting *Advanced Flexible Circuits, Inc. v. GE Sensing & Insp. Techs. GmbH*, 781 F.3d 510, 520-21 (1st Cir. 2015)). Given the significance of this rule, courts in this Circuit have acknowledged that "litigants ignore it at their peril." *Id.* (quoting *Caban Hernandez v. Philip Morris USA, Inc.*, 486 F.3d 1, 7 (1st Cir. 2007)). Plaintiff has failed to submit a separate statement of material facts or to produce any evidentiary support for his Motion. This alone is grounds for denial of Plaintiff's Motion. *United States v. Pfizer, Inc.*, 188 F. Supp. 3d 122, 128 (D. Mass. 2016).

Third, the Federal Rules of Civil Procedure require a party moving for summary judgment to support the assertions therein by:

> citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials . . .

Fed. R. Civ. P. 56(c)(1)(A). In deciding a motion for summary judgment, the court will not consider statements that are unsupported by a competent citation to the record or statements, such as hearsay, that are not admissible at trial. *Morales v. A.C. Orssleff's EFTF*, 246 F.3d 32, 33 (1st Cir. 2001) (stating that where a party fails to support factual issues with citations to the record, judgment against that party may be appropriate); *Garside v. Osco Drug, Inc.*, 895 F.23 46, 49-50 (1st Cir. 1990); *Nor-Dec, Inc. v. Viracon, Inc.*, 781 F. Supp. 2d 38, 42 (D.P.R. 2010) ("The Court will not consider hearsay statements nor allegations presented by parties that do not properly provide specific reference to the record."). Where a party fails to properly support a fact as required under Fed. R. Civ. P. 56(c), the court can issue an appropriate order, such as denying the moving party's motion for summary judgment. Fed. R. Civ. P. 56(e).

Here, Plaintiff's Motion is rife with argumentative, conclusory facts and Plaintiff does not

cite to a single evidentiary record, affidavit, or other document to support those facts. For example,

the following is a non-exhaustive list of factual statements for which Plaintiff provides no

evidentiary support:

- "Moreover, besides finishing his Ph.D. degree at McGill University that is the best university in Canada, and published several scientific papers in scientific journals authored by him, Plaintiff has also written and published books in English, giving presentations at international Conferences in front hundreds [sic.] of audiences, and answered various questions in the Conferences." *See* ECF Docket No. 36 at p. 5.

- "From October 17, 2019 to the end of October 2019, within two (2) weeks or ten (10), working days, Defendant had completed so many major hiring procedures, including phone interviewing applicants, face to face interviewing applicants, selecting the candidate, making their decision, making the Job offer, job offer was accepted by the candidate, having the candidate go through all the drug screen test, and going through the security background check, then finally the candidate was hired, and started his new job before end of October 2019." *See* ECF Docket No. 36 at p. 6-7.

- "The hired Quality Manager by Defendant was 53 years old, which is eight (8) years younger than Plaintiff." *See* ECF Docket No. 36 at p. 8.

- "In terms of the qualification matching to the requirements for this Quality Manager opening position, Plaintiff is much higher and more suitable from all aspects than the 53-year-old Caucasian male, who is hired for this Quality manager position." *See* ECF Docket No. 36 at p. 9.

Plaintiff's complete failure to support his Motion with any evidence is an additional basis on

which Plaintiff's Motion should be denied in its entirety.

For each of the above reasons, Plaintiff's Motion for Summary Judgment should be denied.

**b. Plaintiff has Failed to Establish an Absence of A Genuine Issue of Material Fact as Required to Prevail his Motion for Summary Judgment.**

Summary judgment is only appropriate "when there is no genuine issue of any material

fact and the moving party is entitled to judgment as a matter of law." *Guldseth v. Family Medicine*

*Assocs., LLC*, 45 F.4th 526, 533 (1st Cir. 2022); Fed. R. Civ. P. 56(a). "A genuine issue of fact

exists where the evidence is such that a reasonable jury could return a verdict for the nonmoving

party." *Viscito v. Nat'l Planning Corp.*, 34 F.4th 78, 83 (1st Cir. 2022) (quoting *Garcia-Garcia v.*

*Costco Wholesale Corp.*, 878 F.3d 411, 417 (1st Cir. 2017)). The initial burden is on the moving party to prove that there is no genuine issue of material fact. *McNiff v. Town of Dracut*, 433 F. Supp. 2d 145, 152 (D. Mass. 2006). The party moving for summary judgment must support their argument with "affidavits, admissions, or other materials of evidentiary quality." *Id.* (quoting *Mulvihill v. Top-Flite Golf Co.*, 335 F.3d 15, 19 (1st Cir. 2003)).

In ruling on a motion for summary judgment, the Court must consider the record in the light most favorable to the nonmovant and make all reasonable inferences in the nonmovant's favor. *Viscito*, 34 F.4th at 83. If the moving party does not sustain its burden, summary judgment should be denied. "These standards for summary judgment apply even where the plaintiff proceeds *pro se*." *Niemic v. Maloney*, 448 F. Supp. 2d 270, 277 (D. Mass. 2006), *aff'd in part sub nom. Niemic v. Galas*, 286 F. App'x 738 (1st Cir. 2008).

Applying this standard to Plaintiff's Motion demonstrates that it should be dismissed in its entirety.  Indeed, even if Plaintiff has followed the rules and supported his Motion with proper citations to the record, he has not established a *prima facie* case of discrimination and API has articulated a legitimate, nondiscriminatory justification for rejecting his application.

Plaintiff claims that API discriminated against him based on his age, national origin, and race in violation of Title VII of the Civil Rights Act of 1964 (2 U.S.C. § 2000e, *et seq.*) when it failed to hire him for an open Quality Manager position. In order to state a cognizable claim in a failure to hire case, Plaintiff must establish that: (1) he is a member of a protected class; (2) he was qualified for the job in question; (3) he was rejected for the job; and (4) the job was filled by someone with similar or inferior qualifications. *See Cruz v. Mattis*, 861 F.3d 22, 25 (1st Cir. 2017). Even accepting as true that Plaintiff is a member of one or more protected classes, Defendant disputes that Plaintiff was qualified for the job he applied for. The Quality Manager is responsible

for interfacing with some of API's most important customers about some of its highest-level products. SOF ¶ 2. Thus, effective communication is an essential part of the role. *Id.* In all three of his interviews for the position, Plaintiff exhibited an aggressive communication style, was unable to succinctly answer questions about his experience, and easily got off track. SOF ¶¶ 5-6, 8, 10. Based on his conduct in these interviews, API determined that Plaintiff was not properly qualified to perform the Quality Manager role.

Further, even if Plaintiff could establish a *prima facie* case of discrimination, API can articulate legitimate, non-discriminatory reasons for its hiring decision and Plaintiff cannot show pretext. *Cruz*, 861 F.3d at 25; *Higgins v. John Hancock Life Ins. Co.*, 405 F. Supp. 3d 305, 313 (D. Mass. 2019) (stating that if the employer articulates legitimate reason for its hiring decision, then the burden shifts back to the employee to prove that the reason is pretext). Plaintiff was not selected for the Quality Manager position because his interviewers assessed that he exhibited an aggressive communication style that would not be a good fit for the role. In particular, Plaintiff talked over his interviewers, failed to succinctly answer questions about his qualifications, and had a tendency to get off track easily. SOF ¶¶ 5-6, 8, 10. Further, the candidate who was ultimately hired for the role had more relevant experience than Plaintiff. SOF ¶ 9. Indeed, the person hired for the Quality Manager role had industry specific experience and had worked directly with one of API's key customers. *Cruz,* 861 F.3d at 25 (finding that hiring a candidate with more, relevant experience was a "facially legitimate, nondiscriminatory reason for the hiring decisions" made by defendant); *Clifford v. Barnhart*, 449 F.3d 276, 283 (1st Cir. 2006) (stating that an employer is entitled to "assess each applicant and decide which applicant presented the best application as a whole" and it is the employer's "prerogative to hire the applicant who presented the best combination of skills"). "[I]t is not the role of the court to second-guess the business decisions of an employer,

imposing [the court's] subjective judgments of which person would best fulfill the responsibilities of a certain job." *Clifford*, 449 F.3d at 283 (quoting *Rossy v. Roche Prods., Inc.*, 880 F.2d 621, 625 (1st Cir. 1989)).

Plaintiff's "conclusory allegations, improbable inferences, and unsupported speculation," are insufficient to show pretext. *Medina-Munoz v. R.J. Reynolds Tobacco Co.*, 896 F.2d 5, 8 (1st Cir. 1990); *Cruz*, 861 F.3d at 26 (finding no pretext where Plaintiff failed to identify any evidence to controvert employer's articulated reason for not hiring Plaintiff). In the final analysis, Plaintiff's claim that Defendant denied his version of events in "non-trustable ways" and with a "made-up lie" is woefully short of the evidence required to support a motion for summary judgment. *See* ECF Docket No. 35 at p. 1; ECF Docket No. 36 at p. 4.

For these reasons, Plaintiff has failed to meet his burden to support a grant of summary judgement and his motion should therefore be denied.

## IV.     <u>Conclusion</u>

For these reasons, Defendant requests that Plaintiff's Motion for Summary Judgment be denied.

API TECHNOLOGIES CORPORATION,
By its attorneys,


*/s/ Madison M. Keller*
Jeffrey Shapiro, (BBO No. 712140)
Madison M. Keller (BBO No. 707353)
FISHER & PHILLIPS, LLP
200 State Street, 7th Floor
Boston, Massachusetts 02109
T: (617) 722-0044
E: jsshapiro@fisherphillips.com
E: mkeller@fisherphillips.com

Date: July 26, 2023

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that on this 26th day of July 2023, a true copy of the foregoing document was served on Plaintiff via first-class mail at the address listed on the docket.


/s/Madison M. Keller
Madison M. Keller