UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

WEIXING V. WANG,

    Plaintiff,

v.                                          CIVIL ACTION NO. 1:22-12002-PBS

API TECHNOLOGIES CORPORATION,

    Defendant.

MEMORANDUM AND ORDER
ON PLAINTIFF WEIXING V. WANG'S MOTION TO COMPEL DISCLOSURE
AND FOR APPROPRIATE SANCTIONS TO DEFENDANT (#65)

KELLEY, U.S.M.J.

In this employment discrimination lawsuit, plaintiff Weixing Wang, proceeding *pro se*, alleges that defendant API Technologies Corporation ("API") did not hire him for an open quality manager position because of his national origin, race, and age in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.* ("Title VII"), the Age Discrimination in Employment Act of 1967, 29 U.S.C. § 621 *et seq.* ("ADEA"), and Mass. Gen. Laws ch. 151B § 4.  (#1-1); (#24). Plaintiff now moves the court to compel defendant to supplement its initial disclosures and responses to plaintiff's interrogatories and requests for production ("RFPs"), and to award plaintiff $2,000 in fees. (#65). Defendant opposed. (#68.) For the following reasons, plaintiff's motion is ALLOWED in part and DENIED in part.

I. Background.

In 2019, plaintiff applied for an open quality manager position at the API Marlborough location. (#1-1 at 3); (#68 at 1). He alleges that he completed two telephone interviews in August 2019, after which he expected to be invited on-site for an in-person interview. (#1-1 at 4.) Instead of an in-person interview, however, API requested plaintiff complete a third telephone interview, after which he was informed that he was not selected for the position. *Id.* at 4-5. Plaintiff claims that API hired a less-qualified Caucasian man who is eight years younger than plaintiff (the "2019 Quality Manager"). *Id.* at 11-12.

During his interviews with API, plaintiff claims that he was subjected to discriminatory questioning regarding his education and qualifications because he completed his bachelor's and master's degrees in China, before completing a PhD at McGill University in Montreal, Canada. *Id.* at 6-7. Moreover, he alleges that the open quality manager position materialized only after API terminated its previous quality manager (the "Former Quality Manager"), who was allegedly, like plaintiff, from China. *Id.*

Following API's decision not to hire him, plaintiff filed a complaint with the Massachusetts Commission Against Discrimination ("MCAD"), claiming he had been discriminated against based on his national origin, race, and age. (#1-2.) In August 2022, he filed suit in Massachusetts Superior Court asserting largely the same claims. (#1-1 at 3.) On November 22, 2022, API removed to this court. (#1.)

II. Plaintiff's Motion to Compel (#65).

Plaintiff moves the court to compel defendant to supplement its initial disclosures and produce certain information in response to his interrogatories and RFPs. (#65.) He asserts that defendant has been "hiding" information and "playing. . . game[s]" in violation of Fed. R. Civ. P.

2

26(a)(1)(A), 33, and 34. *Id.* ¶¶ 3, 7, 9. Specifically, plaintiff claims that defendant's responses are deficient as to (i) "the name and, if known, the address and telephone number" of the former Quality Manager, the 2019 Quality Manager, and the individuals who participated in the decision not to hire plaintiff, *id.* ¶ 1; and (ii) "notes, emails, memorandums [sic] and writings relating to all the interviews," *id.* ¶ 2. Plaintiff also asserts that defendant has not responded fully to his deficiency letter, which identifies twenty deficiencies in defendant's responses to plaintiff's RFPs and eighteen deficiencies in its responses to plaintiff's interrogatories, *see id.* ¶¶ 4-5; however, plaintiff neither identified the particular issues in his motion nor attached the letter to his moving papers. In sum, plaintiff requests that the court compel defendant to "disclose all the information requested by plaintiff in the Discovery of this case," and pay plaintiff $2,000 in sanctions to compensate him for "the extra time spent on preparing" this motion. *Id.* at 5 & ¶ 8.

Defendant asserts that it has completed at least two full searches of its records and that it has produced all relevant, non-privileged information that exists in response to plaintiff's requests. *See* #68 at 4-5. It also argues that plaintiff has failed to show that the requested discovery is relevant or that API's responses are incomplete, as required by Fed. R. Civ. P. 37. (#68 at 6-7.)

In addition, defendant explained that, around two weeks after plaintiff served his first set of interrogatories and RFPs, plaintiff served "revised" copies to "replace" the set that he originally served on August 9, *id.* at 2-3. Both parties seem to agree that plaintiff's second set of discovery requests were meant to add clarity and address typos, and that the second version was "largely duplicative" of the first set and "did not materially change the substance of any of Plaintiff's requests." *Id.* at 3; *see* #68-4. Accordingly, the court will consider purported deficiencies in relation to defendant's responses to plaintiff's second set of RFPs and interrogatories, *see* #68-7, and defendant's supplemental responses to it, *see* #68-9.

III.   <u>Relevant Law</u>.

Federal Rule of Civil Procedure 26(b)(1) permits a party to obtain discovery that is "'relevant to any party's claim or defense.'" *Gardner v. Cape Cod Healthcare, Inc.*, 344 F.R.D. 127, 132 (D. Mass. 2023) (quoting Fed. R. Civ. P. 26(b)(1)). "[B]ecause 'discovery itself is designed to help define and clarify the issues, the limits set forth in Rule 26 must be construed broadly to encompass any matter that bears on, or that reasonably could lead to other matters that could bear on, any issue that is or may be in the case.'" *Martin v. Evans*, No. 16-cv-11362-PBS, 2018 WL 10247394, at *1 (D. Mass. Feb. 6, 2018) (quoting *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978)).

"Without awaiting a discovery request," Rule 26(a)(1) requires parties to disclose, among other things, "the name and, if known, the address and telephone number of each individual likely to have discoverable information—along with the subjects of that information—that the disclosing party may use to support its claims or defenses." Fed. R. Civ. P. 26(a)(1). Rule 33 permits parties to serve twenty-five written interrogatories that "relate to any matter that may be inquired into under Rule 26(b)," Fed. R. Civ. P. 33(a), and Rule 34 governs requests for production of documents and electronically stored information, which are allowed "within the scope of Rule 26(b)," Fed. R. Civ. P. 34. "If a party fails to make a disclosure required by Rule 26(a)," "fails to answer an interrogatory submitted under Rule 33," or "fails to produce documents . . . as requested under Rule 34," the requesting party may move to compel disclosure and for appropriate sanctions. Fed. R. Civ. P. 37(a).

IV.  Discussion.

    A.  Plaintiff's Reply (#69).

As an initial matter, plaintiff filed a reply, *see* #69, without requesting leave to do so. This violates Local Rule 7.1(b)(3). Because plaintiff did not request leave to file his reply, the court does not have to consider it, and the court may strike it from the record. *See Gauthier v. United States*, No. 4:10-cv-40116-FDS, 2011 WL 3902770, at *11 (D. Mass. Sept. 2, 2011) ("Plaintiffs did not seek leave to file additional briefings. . . so the submission clearly violates [Local Rule 7.1(b)(3)]. Ostensibly, this error provides a basis for the Court to strike the briefs in their entirety."). In the interest of efficiency, however, the court has considered plaintiff's reply in deciding this order. *See id.* (recognizing district courts have "'great leeway in the application and enforcement of its local rules,'" and declining to strike the brief under the particular circumstances of the case (quoting *United States v. Roberts*, 978 F.2d 17, 20 (1st Cir. 1992)). That said, the court did not consider arguments that plaintiff did not include in his initial motion and raised for the first time in his reply brief. Such arguments "are considered waived." *Gov't Emps. Ins. Co. v. Barron Chiropractic & Rehab., P.C.*, No. 1:16-CV-10642-ADB, 2017 WL 3526255, at *15 n.13 (D. Mass. Aug. 16, 2017); *see Doe v. Lahey Health Sys., Inc.*, No. 19-cv-11014-PBS, 2020 WL 13561720, at *5 n.4 (D. Mass. Aug. 12, 2020) ("A reply brief is not an opportunity to raise new arguments.").

With respect to all future filings, if either party would like to file a reply or sur-reply in support of their motion or opposition, they must request leave before doing so; if they do not, the court will not consider the filing. L.R. 7.1(b)(3).

    B.  This Motion (#65).

To begin, plaintiff failed to comply with Local Rule 37.1 because he did not "state with particularity" "[e]ach interrogatory . . . request for production . . . or other discovery matter raising

5

an issue to be decided by the court, and the response thereto." Plaintiff did not quote the RFPs or interrogatories to which plaintiff claims defendant did not respond fully; he did not quote defendant's responses that he claims are deficient; and he did not attach the information to his motion. Therefore, the court will address only the two issues that plaintiff clearly outlined in his motion.[1]

First, plaintiff seeks "the name and, if known, the address and telephone number" of the Former Quality Manager, the 2019 Quality Manager, and the individuals who participated in the decision not to hire plaintiff, #65 ¶ 1. Defendant seems to have already produced the information requested as to the individuals who participated in the decision not to hire plaintiff, *see* #68 at 7; #68-9; #68-10, so plaintiff's motion is denied as moot as to this information.

Defendant argues that the Former Quality Manager and the 2019 Quality Manager do not have any discoverable information and therefore were not included in defendant's initial disclosures. (#68 at 7.) The court disagrees with defendant's relevancy argument. Plaintiff claims, in part, that he was not hired for the Quality Manager position due to his race and national origin. He further alleges that defendant terminated the Former Quality Manager who had the same race and national origin as plaintiff, which purportedly demonstrates that defendant held a general

---

[1] Plaintiff references in his reply a "MEMORANDUM OF LAW IN SUPPORT OF PLAITIFF'S [sic] MOTION TO COMPEL DISCLOSURE AND APPROPRAITE SANCTIONS TO DEFENDANT" that was not filed with plaintiff's original motion (or at any other time). *See* #69 at 2. The court assumes that plaintiff inadvertently filed a duplicate copy of his motion instead of his memorandum of law. *See* #67 (duplicate motion). To the extent this order does not address issues raised in plaintiff's memorandum of law, plaintiff may re-raise such issues in a separate filing, assuming the issues are not already addressed in plaintiff's recently filed motion for sanctions, *see* #70. Plaintiff is cautioned, however, that he cannot seek to compel "all the information" that he has requested in discovery "of this case." He must specify what discovery has not been produced and why he believes that specific discovery must be produced in compliance with Local Rule 37.1. Moreover, when plaintiff seeks to file a memorandum of law in support of a motion, he must ensure that he has filed the memorandum on the docket.

animus toward individuals from China.  The Former Quality Manager thus may have discoverable information pertaining to, for example, his treatment by defendant while employed at API and the cause for his termination.  Plaintiff also alleges that the 2019 Quality Manager was a younger, Caucasian male who was less qualified for the role than plaintiff.  The 2019 Quality Manager may have discoverable information pertaining to, for example, his qualifications for the position, and his experience and treatment by defendant during the application and interview process.  Either may tend to show that plaintiff was treated differently by API than more successful candidates.  Such discovery is relevant under the liberal standard of Fed. R. Civ. P. 26(b).

Nevertheless, if defendant does not intend to call either witness in support of its defenses, it need not include their names and contact information in its initial disclosures under Fed. R. Civ. P. 26(a)(1)(A)(i).  See *AnywhereCommerce, Inc. v. Ingenico, Inc.*, No. 19-cv-11457-IT, 2021 WL 2256273, at *3 (D. Mass. June 3, 2021) (noting "initial disclosures are primarily a tool for a party to share the factual and legal contentions underlying *their own cases*, not witnesses or material that may be helpful to the opposing party" (emphasis in original)).  So, the court denies plaintiff's motion to the extent it seeks to compel defendant to supplement its Rule 26(a)(1) initial disclosures to include this information.

Plaintiff has, however, requested this information pursuant to Fed. R. Civ. P. 33 and 34.  Plaintiff's RFP Nos. 12 and 13 request the personnel files for the Former Quality Manager and the 2019 Quality Manager, respectively.  *See* #68-2 at 3.  To the extent the files contain such basic information as the individuals' names and last known telephone numbers and addresses, that information must be produced.[2]  Similarly, plaintiff's Interrogatory Nos. 15 and 16 request, *inter*

---

[2] In his motion, plaintiff did not seek, and the court is not requiring defendant to produce, the non-parties' complete personnel files, to which those individuals have a strong personal privacy interest.  *See Whittingham v. Amherst Coll.*, 164 F.R.D. 124, 127-28 (D. Mass. 1995) ("[P]ersonnel

*alia*, "the name, address, telephone number, age gender, race, color and origin of nationality on the date of hire" of the Former Quality Manager and the 2019 Quality Manager, respectively. *See id.* at 11.[3]  Plaintiff's motion is allowed as to the information listed here, as this information is relevant to his claims.

Second, plaintiff seeks "notes, emails, memorandums and writings relating to all the interviews." (#65 ¶ 2.)  Defendant claims that it has responded fully to plaintiff's request by producing "thirty-five pages of documents relating to Plaintiff's three phone interviews." (#68 at 8.)  However, plaintiff requested documents related to "all the interviews," not only his own.  The court interprets plaintiff's request to include "notes, emails, memorandums and writings" related to the 2019 Quality Manager's hiring process, which plaintiff requested in RFP No. 5. *See* #86-7 at 6 (RFP No. 5 requesting documents "relating to all the interviews conducted to the new hired Quality Manager in 2019 by Defendant").  Such information is clearly relevant under Fed. R. Civ. P. 26(b) as it may show, for instance, the 2019 Quality Manager's qualifications for the position, and his treatment by defendant during the application and interview process.  Plaintiff's motion is thus ALLOWED to the extent that defendant has not produced to plaintiff all "notes, emails, memorandums and writings" relating to the 2019 Quality Manager's applications and interviews.

Finally, although plaintiff did not raise the issue directly, the court is concerned by defendant's apparent interpretation of "discrete subparts" in some of its responses to plaintiff's

---

files contain perhaps the most private information about an employee within the possession of an employer. Nonetheless, Plaintiff requests the Court to order the Defendant to hand over entire files of employees without any particularized showing that any, let alone all, of the information therein is relevant to his claims. Again, while discovery is usually broad, Plaintiff has not demonstrated that the files he seeks, even if marginally relevant, outweigh the privacy interests of these individuals.").

[3] Although plaintiff's interrogatories are somewhat ambiguous as to whether plaintiff is requesting the individuals' names, addresses, and telephone numbers at the date of hire or presently, the court finds that the information plaintiff requests in this motion fairly falls under these requests as well.

interrogatories.  *See* ## 68-3, 68-7.  *See United States ex rel. Long v. Janssen Biotech, Inc.*, No. 16-cv-12182-FDS, 2022 WL 4124018, at *3-4 (D. Mass. Sept. 9, 2022).  To the extent defendant has withheld discoverable information on the basis that plaintiff's first twenty-five enumerated interrogatories violate the twenty-five-interrogatory limit set forth in Fed. R. Civ. P. 33(a), it is encouraged to re-review its responses and supplement where it deems necessary.

V.    Conclusion.

For the reasons stated above, plaintiff's Motion to Compel Disclosure and For Appropriate Sanctions to Defendant is allowed to the extent that it seeks (i) "the name and, if known, the address and telephone number" of the former Quality Manager and the 2019 Quality Manager," and (ii) all "notes, emails, memorandums and writings" relating to the 2019 Quality Manager's applications and interviews.  Defendant shall produce all discovery ordered by no later than November 17, 2023.

Plaintiff's motion, including his request for sanctions and fees, is otherwise DENIED.


November 13, 2023					/s/ M. Page Kelley
							M. Page Kelley
							United States Magistrate Judge