UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

WEIXING V. WANG
    Plaintiff,

v.

NO. 1:22-cv-12002-PBS

API TECHNOLOGIES CORPORATION,
    Defendant.

**REPORT AND RECOMMENDATION ON
PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT (#95).**

KELLEY, U.S.M.J.

I.   Introduction.

In this employment discrimination lawsuit, plaintiff Weixing Wang, proceeding *pro se*, alleges that defendant API Technologies Corporation ("API") did not hire him for an open quality manager position because of his national origin, race, and age in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.* ("Title VII"), the Age Discrimination in Employment Act of 1967, 29 U.S.C. § 621 *et seq.* ("ADEA"), and Mass. Gen. Laws ch. 151B § 4. (#1-1); (#24). Currently before the court is plaintiff's Motion for Default Judgment (#95). For the reasons discussed below, the court recommends that plaintiff's motion be denied.[1]

---

[1] District Judge Saris has referred the case to the undersigned Magistrate Judge for full pretrial purposes, case management, and reports and recommendations on dispositive motions. (#23.) Plaintiff's motion seeks default judgment under Rule 55 of the Federal Rules of Civil Procedure. In an abundance of caution, the court treats plaintiff's motion as potentially dispositive and issues a report and recommendation. *See ML-CFC 2007-6 Puerto Rico Props., LLC v. BPP Retail Props., LLC*, 951 F.3d 41, 46-47 (1st Cir. 2020); *Patton v. Johnson*, 915 F.3d 827, 832 (1st Cir. 2019) ("As Article I judicial officers, magistrate judges ordinarily may not decide motions that are dispositive either of a case or of a claim or defense within a case." (quoting *Powershare, Inc. v. Syntel, Inc.*, 597 F.3d 10, 13 (1st Cir. 2010) (internal quotation marks and alterations omitted)).

II.     Discussion.

Plaintiff moves pursuant to Rule 55 of the Federal Rules of Civil Procedure for default judgment. (#95.)  He seeks default judgment in his favor on plaintiff's motion to sanction defendant for improper certification ("Motion for Sanctions"), *see* #70 (filed on November 2, 2023), plaintiff's motion to compel disclosure and for appropriate sanctions to defendant ("Motion to Compel"), *see* #65 (filed October 10, 2023), and plaintiff's motion for summary judgment ("Motion for Summary Judgment"), *see* #35 (filed July 10, 2023), (together "the Motions").  *See* #95 at 7-8.  The court has already ruled on all three motions.  *See* ##71 (November 13, 2023 order allowing in part and denying in part plaintiff's motion to compel), 75 (December 19, 2023 order denying motion for sanctions), 76 (December 20, 2023 report and recommendation ("R&R") recommending denial of motion for summary judgment), 81 (January 11, 2024 order adopting court's December 20, 2023 R&R and denying motion for summary judgment).

Plaintiff asserts that defendant never filed an opposition or objection to his Motion for Sanctions.  *See* #95 at 3.  He claims that on November 16, 2023, defendant served on him discovery related to the court's November 13, 2023 order, not the opposition to his Motion for Sanctions that now appears on the docket as ECF No. 72, which is also dated November 16, 2023.  *See* #95 at 3-4; *see also* #72 ("Defendant's Opposition to Plaintiff's Motion to Sanction Defendant for Improper Certification"); ##95-2, 95-3 (November 16, 2023 email from defense counsel serving discovery responses).  Plaintiff further claims, with no evidence, that defendant fraudulently swapped the discovery served on November 16, 2023, *see* ##95-2, 95-3, with the opposition brief that now appears on the docket at ECF No. 72.  #95 at 6.  He argues that defendant's failure to file an opposition entitles him to default judgment on his Motion for

2

Sanctions, and that defendant's alleged criminal fraud entitles him to default on the Motions. *Id.* at 2-8. Plaintiff also asserts that this court has never issued an order on his Motion for Sanctions, so he is entitled to default judgment for that reason as well. *Id.* at 3 ¶ 8.

Defendant filed an opposition to the Motion for Sanctions on November 16, 2023. *See* #72. There is no evidence that the filing was altered following its filing through the ECF electronic filing system on that date. *Id.* Defendant's Certificate of Service indicates that the filing was "sent electronically to the registered participants as identified on the Notice of Electronic Filing," *see id.* at 13, which included plaintiff at vincent.wang618@gmail.com because he requested ECF filing privileges, which the court granted on October 5, 2023. *See* #63. Apparently also on November 16, 2023, defendant served on plaintiff a supplemental discovery production. *See* ##95-2, 95-3. In this court, such productions are not filed on the case docket unless ordered to do so, *see* L.R. 26.6(a), so it was perfectly appropriate—indeed, it was correct—for defense counsel to send the supplemental production to plaintiff directly and not to file it through the ECF filing system.

The court denied plaintiff's Motion for Sanctions in a reasoned electronic order on the docket on December 19, 2023. (#75.)

Therefore, there are no grounds for the relief plaintiff seeks and the court recommends that his motion for default judgment be <u>denied</u>.[2]

III.   Conclusion.

For the reasons stated above, the court recommends that plaintiff's Motion for Default Judgment (#95) be denied.

---

[2] The court need not await defendant's response to plaintiff's motion to make this report and recommendation because it is clear from the face of plaintiff's papers that the motion is baseless. The court does not require further information from defendant to rule in its favor.

V.    <u>Review by the District Judge</u>.

The parties are advised that any party who objects to the Reports and Recommendation must file specific written objections with the Clerk of this Court within fourteen (14) days of the date of the Reports and Recommendation. The objections must specifically identify the portion of the Reports and Recommendation to which objections are made and state the basis for such objections. The parties are further advised that the United States Court of Appeals for the First Circuit has repeatedly indicated that failure to comply with Fed. R. Civ. P. 72(b) shall preclude further appellate review. *See Keating v. Secretary of Health & Human Servs.*, 848 F.2d 271 (1st Cir. 1988); *United States v. Emiliano Valencia-Copete*, 792 F.2d 4 (1st Cir. 1986); *Scott v. Schweiker*, 702 F.2d 13, 14 (1st Cir. 1983); *United States v. Vega*, 678 F.2d 376, 378–9 (1st Cir. 1982); *Park Motor Mart, Inc. v. Ford Motor Co.*, 616 F.2d 603 (1st Cir. 1980); *see also Thomas v. Arn*, 474 U.S. 140 (1985).

March 26, 2023                                                          <u>/s/ M. Page Kelley</u>
                                                                                         M. Page Kelley
                                                                                        United States Magistrate Judge